Bijal V. Vakil (CA State Bar No. 192878)
bvakil@whitecase.com
Shamita D. Etienne-Cummings (CA State Bar No. 202090)
setienne@whitecase.com
Henry Y. Huang (CA State Bar No. 252832)
henry.huang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: 650.213.0300
Facsimile: 650.213.8158

Attorneys for Plaintiff and Counterclaim Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GOOGLE LLC,

Plaintiff/Counterclaim Defendant,

v.

ECOFACTOR, INC.,

Defendant/Counterclaim Plaintiff.

Case No. 4:21-cv-03220-HSG

**GOOGLE LLC'S ANSWER TO ECOFACTOR, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Google LLC ("Google") by and through its undersigned counsel, hereby provides its Answer and Affirmative Defenses to EcoFactor, Inc.'s ("EcoFactor") Counterclaims (ECF No. 17). To the extent any allegations of the Counterclaims are not specifically and expressly admitted, Google hereby denies them. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. To the extent that an allegation states a legal conclusion, Google asserts that no response is required.

Google responds to the numbered paragraphs of the Counterclaims as follows:

**INTRODUCTION**

50. Google admits that EcoFactor brings counterclaims of patent infringement of U.S. Patent Nos. 8,740,100 ("'100 Patent"), 8,751,186 ("'186 Patent"), 9,194,597 ("'597 Patent") and 10,584,890 ("'890 Patent") (collectively, the "Asserted Patents"). Google denies infringement under any theory and denies the remaining allegations of paragraph 50 of the Counterclaims.

51. Google admits that EcoFactor has a place of business at 441 California Avenue, Number 2, Palo Alto, CA 94301. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 51, and therefore denies them.

52. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 52, and therefore denies them.

53. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 53, and therefore denies them.

**PARTIES**

54. Google admits that EcoFactor has a place of business at 441 California Avenue, Number 2, Palo Alto, CA 94301. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 54, and therefore denies them.

55. Admitted.

**JURISDICTION AND VENUE**

56. Google admits that the Counterclaims purport to arise under the patent laws of the

United States, Title 35 of the United States Code. Google admits that this Court has subject matter jurisdiction over patent law claims arising under 28 U.S.C. §§ 1331 and 1338(a). Google denies the remaining allegations of paragraph 56.

57. Google admits that it has conducted and does conduct business in California and within this District. Google specifically denies that it has committed and continues to commit acts of infringement in this or any other District.

**THE TECHNOLOGY AND PRODUCTS AT ISSUE**

58. Google admits that the accused Nest products are thermostat systems. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 58, and therefore denies them.

59. Google admits that the accused Nest products are thermostat systems. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 59, and therefore denies them.

60. Google admits that the accused Nest products are thermostat systems. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 60, and therefore denies them.

61. Google admits that the accused Nest products are thermostat systems. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 61, and therefore denies them.

62. Google admits that the accused Nest products can communicate data on a network. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 62, and therefore denies them.

63. Google specifically denies the Accused Products are designed and specially made to infringe claims of the Asserted Patents. Google specifically denies that it has committed any acts of infringement. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 63, and therefore denies them.

**COUNT I:**

**INFRINGEMENT OF U.S. PATENT NO. 8,740,100**

64. Google reasserts and incorporates its responses to paragraphs 50 through 63 of the Counterclaims.

65. Google admits that what appears to be a copy of the ’100 Patent is attached as Exhibit 1 to the Counterclaims. Google admits that Exhibit 1 to the Counterclaims is titled “System, Method and Apparatus for Dynamically Variable Compressor Delay in Thermostat to Reduce Energy Consumption” and bears an issue date of June 3, 2014. Google denies that the ’100 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 65 and, therefore, denies them.

66. Google admits that it makes, uses, offers for sale, sells and/or imports the Nest Thermostat, Nest Third Generation Learning Thermostat, and related accessories. Google specifically denies that it directly or indirectly infringes any claims of the ’100 Patent, either literally or under the doctrine of equivalents.

67. Google specifically denies that it directly or indirectly infringes any claims of the ’100 Patent, either literally or under the doctrine of equivalents.

68. Google admits that it became aware of the ’100 Patent at least by the filing date of the Complaint in this case. Google specifically denies that it directly or indirectly infringes any claims of the ’100 Patent, either literally or under the doctrine of equivalents.

69. Google admits that it distributes the accused Nest products. Google specifically denies that it directly or indirectly infringes any claims of the ’100 Patent, either literally or under the doctrine of equivalents.

70. Denied.

71. Denied.

72. Google specifically denies that it infringes or has infringed the ’100 Patent, and denies that EcoFactor is entitled to damages, interests, or costs.

73. Denied.

74. Google denies that the ’100 Patent is valid and enforceable.

75. Google lacks knowledge or information to form a belief about the truth of the allegations of paragraph 75, and therefore denies them.

**COUNT II:**

**INFRINGEMENT OF U.S. PATENT NO. 8,751,186**

76. Google reasserts and incorporates its responses to paragraphs 50 through 75 of the Counterclaims.

77. Google admits that what appears to be a copy of the '186 Patent is attached as Exhibit 3 to the Counterclaims. Google admits that Exhibit 3 to the Counterclaims is titled "System and Method for Calculating the Thermal Mass of a Building" and bears an issue date of June 10, 2014. Google denies that the '186 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 77 and, therefore, denies them.

78. Google admits that it makes, uses, offers for sale, sells and/or imports the Nest Thermostat, Nest Third Generation Learning Thermostat, and related accessories. Google specifically denies that it directly or indirectly infringes any claims of the '186 Patent, either literally or under the doctrine of equivalents.

79. Google specifically denies that it directly or indirectly infringes any claims of the '186 Patent, either literally or under the doctrine of equivalents.

80. Google admits that it became aware of the '186 Patent at least by the filing date of the Complaint in this case. Google specifically denies that it directly or indirectly infringes any claims of the '186 Patent, either literally or under the doctrine of equivalents.

81. Google admits that it distributes the accused Nest products. Google specifically denies that it directly or indirectly infringes any claims of the '186 Patent, either literally or under the doctrine of equivalents.

82. Denied.

83. Denied.

84. Google specifically denies that it infringes or has infringed the '186 Patent, and denies that EcoFactor is entitled to damages, interests, or costs.

85. Denied.

86. Google denies that the '186 Patent is valid and enforceable.

87. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 87, and therefore denies them.

**COUNT III:**

**INFRINGEMENT OF U.S. PATENT NO. 9,194,597**

88. Google reasserts and incorporates its responses to paragraphs 50 through 87 of the Counterclaims.

89. Google admits that what appears to be a copy of the '597 Patent is attached as Exhibit 5 to the Counterclaims. Google admits that Exhibit 5 to the Counterclaims is titled "System, Method and Apparatus for Identifying Manual Inputs to and Adaptive Programming of a Thermostat" and bears an issue date of Nov. 24, 2015. Google denies that the '597 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 89 and, therefore, denies them.

90. Google admits that it makes, uses, offers for sale, sells and/or imports the Nest Thermostat, Nest Third Generation Learning Thermostat, and related accessories. Google specifically denies that it directly or indirectly infringes any claims of the '597 Patent, either literally or under the doctrine of equivalents.

91. Google specifically denies that it directly or indirectly infringes any claims of the '597 Patent, either literally or under the doctrine of equivalents.

92. Google admits that it became aware of the '597 Patent at least by the filing date of the Complaint in this case. Google specifically denies that it directly or indirectly infringes any claims of the '597 Patent, either literally or under the doctrine of equivalents.

93. Google admits that it distributes the accused Nest products. Google specifically denies that it directly or indirectly infringes any claims of the '597 Patent, either literally or under the doctrine of equivalents.

94. Denied.

95. Denied.

96. Google specifically denies that it infringes or has infringed the '597 Patent, and denies that EcoFactor is entitled to damages, interests, or costs.

97. Denied.

98. Google denies that the '597 Patent is valid and enforceable.

99. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 99, and therefore denies them.

**COUNT IV:**

**INFRINGEMENT OF U.S. PATENT NO. 10,584,890**

100. Google reasserts and incorporates its responses to paragraphs 50 through 99 of the Counterclaims.

101. Google admits that what appears to be a copy of the '890 Patent is attached as Exhibit 7 to the Counterclaims. Google admits that Exhibit 7 to the Counterclaims is titled "System and Method for Using a Mobile Electronic Device to Optimize an Energy Management System" and bears an issue date of Mar. 10, 2020. Google denies that the '890 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 101 and, therefore, denies them.

102. Google admits that it makes, uses, offers for sale, sells and/or imports the Nest Thermostat, Nest Third Generation Learning Thermostat, and related accessories. Google specifically denies that it directly or indirectly infringes any claims of the '890 Patent, either literally or under the doctrine of equivalents.

103. Google specifically denies that it directly or indirectly infringes any claims of the '890 Patent, either literally or under the doctrine of equivalents.

104. Google admits that it became aware of the '890 Patent at least by the filing date of the Complaint in this case. Google specifically denies that it directly or indirectly infringes any claims of the '890 Patent, either literally or under the doctrine of equivalents.

105. Google admits that it distributes the accused Nest products. Google specifically denies that it directly or indirectly infringes any claims of the '890 Patent, either literally or under the doctrine of equivalents.

106. Denied.

107. Denied.

108. Google specifically denies that it infringes or has infringed the ’890 Patent, and denies that EcoFactor is entitled to damages, interests, or costs.

109. Denied.

110. Google denies that the ’890 Patent is valid and enforceable.

111. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 111, and therefore denies them.

**WILLFUL INFRINGEMENT**

112. Google reasserts and incorporates its responses to paragraphs 50 through 111 of the Counterclaims.

113. Admitted.

114. Denied.

115. Google admits that it continues to sell the Nest Thermostat and Nest Third Generation Learning Thermostat. Otherwise, Google denies the remaining allegations of paragraph 115.

116. Google denies that it has, or continues to, willfully infringe the Asserted Patents. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 116, and therefore denies them.

117. Denied.

**PRAYER FOR RELIEF**

Google denies the allegations of EcoFactor’s Prayer for Relief and denies that EcoFactor is entitled to any relief whatsoever from Google. Google respectfully requests that the Court enter judgment in Google’s favor against EcoFactor and issue an order:

1. That Google has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid claim of the Asserted Patents;

2. That the claims of the Asserted Patents are invalid and/or unenforceable;

3. That EcoFactor takes nothing by its Counterclaims, and that no injunctive relief for EcoFactor is appropriate;

4. Dismissing EcoFactor’s Counterclaims against Google with prejudice;

5. Declaring this case to be exceptional and awarding Google its costs, expenses and reasonable attorney fees incurred in this action under 35 U.S.C. § 285, or otherwise; and

6. Awarding any other such relief as is just and proper.

**GOOGLE'S AFFIRMATIVE DEFENSES**

Without assuming any burden other than that imposed by operation of law, Google asserts the following affirmative defenses to EcoFactor's counterclaims against Google. In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**First Affirmative Defense**

**(Invalidity)**

1. The Asserted Patents, including all of their claims, are invalid for failure to comply with one or more of the requirements specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 111, 112, and/or 116.

**Second Affirmative Defense**

**(Prosecution History Estoppel)**

2. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Asserted Patents, EcoFactor's claims against Google are barred in whole or in part by the doctrine of prosecution history estoppel.

**Third Affirmative Defense**

**(Equitable Doctrines)**

3. Upon information and belief, EcoFactor's claims against Google are barred, in whole or in part, by the doctrine of unclean hands, the doctrine of estoppel, unclean hands, prosecution laches, disclaimer, patent misuse, waiver, implied waiver, and/or acquiescence. EcoFactor has had information about the accused infringing activities since at least 2013.

**Fourth Affirmative Defense**

**(Collateral Estoppel)**

4. Upon information and belief, EcoFactor's claims against Google are barred, in whole or in part, by the doctrine of collateral estoppel, the *Kessler* doctrine, or the doctrine of res judicata.

**Fifth Affirmative Defense**

**(Limitation on Patent Damages)**

5. EcoFactor's claims for damages, if any, against Google for alleged infringement of the asserted patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**Sixth Affirmative Defense**

**(Substantial Non-Infringing Uses)**

6. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the asserted patents.

**Seventh Affirmative Defense**

**(Use by the United States)**

7. EcoFactor's claims for relief against Google are barred by 35 U.S.C. § 1498 to the extent that the accused subject matter is used or manufactured by or for the United States.

**JURY DEMAND**

Google acknowledges EcoFactor's demand for jury trial. Google similarly requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 3, 2021

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Bijal V. Vakil*
Bijal V. Vakil

Attorneys for Plaintiff and
Counterclaim Defendant
GOOGLE LLC