1  [*All Counsel in signature block below*]

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, | Case No. 4:21-cv-3220-HSG |
| Plaintiff/Counterclaim Defendant, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: August 10, 2021 |
| ECOFACTOR, INC., | Time: 2:00 P.M.<br>Courtroom: 2 |
| Defendant/Counterclaim Plaintiff. | Judge: Haywood S. Gilliam, Jr. |

**INTRODUCTION**

Pursuant to this Court's May 11, 2021 Notice (ECF No. 15), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, Plaintiff/Counterclaim Defendant Google LLC ("Google") and Defendant/Counterclaim Plaintiff EcoFactor, Inc. ("EcoFactor") submit this Joint Case Management Statement.

**1.     JURISDICTION & SERVICE**

Google filed this action on April 30, 2021. ECF No. 1. This is a declaratory judgment action for non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Venue is proper in this judicial district pursuant 28 U.S.C § 1400(b). EcoFactor has been served. Neither jurisdiction nor venue has been disputed.

**2.     FACTS**

Google seeks a finding that its smart thermostat systems, including the Nest Thermostat and the Nest Third Generation Learning Thermostat (collectively, "Google Accused Products") do not infringe United States Patent Nos. 8,740,100 ("the '100 patent"); 8,751,186 ("the '186 patent"); 9,194,597 ("the '597 Patent"); and 10,584,890 ("the '890 Patent") (collectively, the "Asserted Patents"). EcoFactor has asserted both defenses and counterclaims, and EcoFactor's counterclaims seek a finding that the Google Accused Products infringe the Asserted Patents, and remedies for Google's infringement, including injunctive relief, damages, a finding that this is an exceptional case under 35 U.S.C. § 285, and other relief the Court may deem proper under the circumstances.

**3.     DISPUTED LEGAL ISSUES**

THE PARTIES HAVE IDENTIFIED THE FOLLOWING PRINCIPAL ISSUES CURRENTLY IN DISPUTE:

1. Whether the Google Accused Products directly infringe one or more claims of each Asserted Patent under 35 U.S.C. § 271(a), and/or indirectly infringe one or more claims of each Asserted Patent under 35 U.S.C. §§271(b) or (c);

2. Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

**4.   MOTIONS**

1. Anticipated Motions: Google and EcoFactor anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as the case progresses. The parties anticipate filing a joint motion for a protective order governing the confidentiality of information and the review of source code in this matter, as well as a joint motion for an order governing the treatment of electronically stored information (ESI) in discovery.

**5.   AMENDMENT OF PLEADINGS**

The parties agree that they may amend their pleadings, including the parties, claims, or defenses, consistent with the Federal Rules of Civil Procedure or with leave of the Court upon a showing of good cause.

The parties do not currently intend to amend the operative pleadings but reserve the right to request leave of the Court to do so should the Court determine that either party needs to provide additional information.

**6.   EVIDENCE PRESERVATION**

Each party has reviewed the ESI Guidelines and each party believes that it has taken appropriate and reasonable measures to preserve evidence relevant to each party's claims and defenses in this matter.

**7.   DISCLOSURES**

The Parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on August 3, 2021.

**8.   DISCOVERY**

The parties have not served any discovery yet.

**A.   Changes to the timing, form, or requirement for disclosure (Fed. R. Civ. P. 26(f)(3)(A))**

The parties served initial disclosures on August 3, 2021 and do not propose any change to the form or requirement for such disclosures.

**B.   The subjects on which discovery may be needed (Fed. R. Civ. 26(f)(3)(B))**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 9 below, including related and subsidiary factual and legal issues and matters.  The parties reserve the right to amend subjects for discovery that may be sought pending further discovery.

**C.   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or form in which it should be produced (Fed. R. Civ. P. 26(f)(3)(C)**

The Parties anticipate presenting an ESI order to Court to govern the discovery of electronically stored information.  The parties will exchange draft proposed ESI orders and will present agreed-on terms to the Court, along with any points of disagreement requiring the Court's guidance.

**D.   Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D))**

The parties agree that absent a specific showing of need, documents created on or after April 30, 2021 that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the parties' privilege logs.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502, and the Protective Order and/or ESI Order to be entered in this action.

**E.   Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E))**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitation set forth in the Federal Rules of Civil Procedure, Local Rules of the Court, and the ESI Order and Protective Order to be entered in this action.  If

WHITE & CASE LLP
ATTORNEYS AT LAW
SILICON VALLEY

a party requests discovery that exceeds any of the limitation set forth below, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court. If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

The Parties agree to serve interrogatories, document requests, deposition notices, requests for admission, and responses thereto, on each other via email. The parties further agree that the service of a complete copy of these documents via email on or before midnight Pacific time shall count as same-day service.

- **Interrogatories to Parties**

The parties agree that the limitations of Federal Rule of Civil Procedure 33 apply.

- **Requests for Admission**

The parties agree that each side may serve up to 30 Requests for Admission. Requests for Admission related to the authentication of documents and public availability of prior art are exempt from this limitation.

- **Depositions**

The parties agree that each party is limited to 70 hours in its deposition of fact witnesses in this litigation, including individual and 30(b)(6) witnesses, and excluding expert depositions, Furthermore, either party may request additional hours for good cause. All other requirements of Federal Rule of Civil Procedure 30 apply.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The parties anticipate presenting a stipulated protective order governing the discovery of confidential information, including source code, to the Court.

**G. Production of ESI**

The parties anticipate presenting a stipulated protocol for ESI production to the Court.

**9. CLASS ACTIONS**

This matter is not a class action matter.

10. **RELATED CASES**

The Asserted Patents are also at issue in *EcoFactor, Inc. v. ecobee, Inc.*, No. 6:21-00428 (W.D. Tex. Apr. 28, 2021).

11. **RELIEF**

**Google's Position:** Google requests that the Court grant:

- Judgment in Google's favor against EcoFactor on all causes of action alleged in Google's Complaint (ECF No. 1);
- Judgment that this is an exceptional case under 35 U.S.C. § 285;
- Judgment that EcoFactor take nothing from its Counterclaims, including no injunctive relief;
- Attorneys' fees and costs; and
- Such other and further relief as the Court may deem to be just and proper.

**EcoFactor's Position:**

- Judgment in favor of EcoFactor on all causes of action alleged in EcoFactor's counterclaims in EcoFactor's Answer (ECF No. 17), including judgment that Google has infringed, either literally and/or under the doctrine of equivalents, the '100 Patent, the '186 Patent, the '597 Patent, and the '890 Patent;
- Permanent injunction prohibiting Google from further acts of infringement of the '100 Patent, the '186 Patent, the '597 Patent, and the '890 Patent;
- Attorneys' fees and costs;
- Judgment and order requiring Google to provide accountings and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;
- Judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285; and
- Any and all other relief as the Court may deem appropriate and just under the circumstances.

12. **SETTLEMENT AND ADR**

The parties conferred regarding Alternative Dispute Resolution options under ADR Local Rule 3-5 and agreed to mediation with a court-appointed mediator at an appropriate time. The parties are separately submitting their ADR Certification by Parties and Counsel.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to disposition of this case by a Magistrate Judge.

14. **OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

The parties will continue to meet and confer on ways to potentially narrow the number of issues in dispute.

16. **EXPEDITED TRIAL PROCEDURE**

This matter is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **SCHEDULING**

The Parties agree on the application of the Patent Local Rules ("PLR") at this time as well as their proposed case schedules.

| Event | Agreed Proposed Deadlines |
|---|---|
| Deadline for Parties to exchange Rule 26 initial disclosures | August 3, 2021 |
| Pat. L.R. 3-1 & 3-2. Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production by EcoFactor | August 24, 2021 |
| Pat. L.R. 3-3 & 3-4. Invalidity Contentions and Accompanying Document Production by Google | October 8, 2021 |
| Pat. L.R. 4-1. Exchange of Proposed Terms for Claim Construction | October 22, 2021 |
| Pat. L.R. 4-2. Exchange of Preliminary Constructions and Extrinsic Evidence | November 12, 2021 |

| | |
|---|---|
| Pat. L.R. 3-8. Damages Contentions by EcoFactor. | November 29, 2021 |
| Pat. L.R. 4-3. Joint Claim Construction and Pre-Hearing Statement. | December 7, 2021 |
| Pat. L.R. 4-4. Completion of Claim Construction Discovery | January 6, 2022 |
| Pat. L.R. 3-9. Responsive Damage Contentions by Google | December 29, 2021 |
| Pat. L.R. 4-5(a). Opening Claim Construction Brief by EcoFactor | January 21, 2022 |
| Pat. L.R 4.5(b). Responsive Claim Construction Brief by Google | February 4, 2022 |
| Pat. L.R. 4.5(c). Reply Claim Construction Brief by EcoFactor | February 11, 2022 |
| Technology Tutorial | Subject to the convenience of the Court's calendar |
| Pat. L.R. 4-6. Claim Construction Hearing (Markman) | Subject to the convenience of the Court's calendar |
| Parties to submit proposes schedule for fact discovery deadline, expert discovery, dispositive and Daubert motions, pretrial, and trial. | 14 days after the Court's claim construction ruling |

The parties agree that it is not necessary to enter a schedule beyond the dates above at this early stage of the case.  The parties instead request an opportunity to submit an agreed-on schedule, or competing scheduling proposals if an agreement cannot be reached, for the Court to consider within 14 days of the Court's claim construction ruling.

Notwithstanding that request, to the extent the Court intends to enter additional deadlines now, the parties submit the proposal below:

| Event | Agreed Proposed Deadlines |
|---|---|
| Proposed Date for Designation of Experts | Estimated 90 days after the Court's claim construction ruling |
| Close of fact discovery | Estimated 150 days after the Court's claim construction ruling |
| Deadline to file discovery motions relating to fact discovery | 7 days after the close of fact discovery |
| Opening expert reports | 21 days after the close of fact discovery |
| Rebuttal expert reports | 42 days after the opening expert reports |
| Close of expert discovery | 28 days after the rebuttal expert reports |
| Opening summary judgment/ Daubert Briefs | 28 days after close of expert discovery |
| Responsive summary judgment/ Daubert | 14 days after Opening summary judgment/ |

- 7 -

| | |
|---|---|
| Briefs | Daubert Briefs |
| Reply summary judgment/ Daubert Briefs | 7 days after Answering summary judgment/ Daubert Briefs |
| Hearing on summary judgment/ Daubert Briefs | Subject to the convenience of the Court's calendar |
| Pretrial Conference | Subject to the convenience of the Court's calendar |
| Trial | Subject to the convenience of the Court's calendar |

**18.   TRIAL**

Both parties have requested trial by jury. The parties' best estimate of the length of trial is approximately 5 Court days for this trial, assuming each trial day starts at 7:30 a.m. and ends at 1:00 p.m. as noted in the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable Haywood Gilliam Jr.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

On April 30, 2021, Google filed its Certificate of Interested Parties and Entities pursuant to Civil Local Rule 3-15. ECF No. 3. Google stated, pursuant to Civil L.R. 3-15, that Google LLC, XXVI Holdings Inc. (holding company of Google LLC), and Alphabet Inc. (holding company of XXVI Holdings Inc.) either (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

On July 13, 2021, EcoFactor filed its Corporate Disclosure Statement. ECF No. 18.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER ISSUES**

The Parties do not believe that any other issues are appropriate for inclusion in this Joint Management Statement.

## 22. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A. Local Rules

The parties' proposed schedule is set forth in Section 17 above.

### B. Scope and Timing of Any Claim Construction Discovery

The parties' proposed schedule set forth in Section 17, above, includes a proposed deadline for claim construction discovery.

### C. Format of the Claim Construction Hearing

The Parties propose that the Claim Construction Hearing consist of a three-hour presentation, with 90 minutes allotted to Google and 90 minutes allotted to EcoFactor.

### D. How the Parties Intend to Educate the Court on the Technology at Issue.

The Parties propose educating the Court on the technology at issue through a tutorial immediately preceding the Claim Construction Hearing. Google proposes that the Court allow Google to make a presentation no longer than 45 minutes, followed by a presentation by EcoFactor no longer than 45 minutes.

Dated: August 3, 2021

Respectfully submitted,

WHITE & CASE LLP

By: */s/ Bijal V. Vakil*_____
    Bijal V. Vakil

Bijal V. Vakil (CA State Bar No. 192878)
bvakil@whitecase.com
Shamita D. Etienne-Cummings
(CA State Bar No. 202090)
setienne@whitecase.com
Henry Y. Huang (CA State Bar No. 252832)
henry.huang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: 650.213.0300
Facsimile: 650.213.8158

Attorneys for Plaintiff and Counterclaim Defendant GOOGLE LLC

| | | |
|---|---|---|
| Dated: August 3, 2021 | | /s/ *Reza Mirzaie* |
| | | Counsel for Defendant |

Marc A. Fenster, CA SBN 181067
mfenster@raklaw.com
Reza Mirzaie, CA SBN 246953
rmirzaie@raklaw.com
James N. Pickens, CA SBN 307474
jpickens@raklaw.com
Minna Y. Chan, CA SBN 305941
mchan@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tele:   310/826-7474
Fax:    310/826-6991

*Attorneys for Defendant/Counterclaim Plaintiff*
ECOFACTOR, INC.

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

> Judge Haywood S Gilliam, Jr.
> UNITED STATES DISTRICT COURT JUDGE