UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>   Plaintiff,<br><br>v.<br><br>ECOFACTOR, INC.,<br><br>   Defendant. | Case No. 21-cv-03220-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 131 |

On April 30, 2021, plaintiff Google LLC ("Google") filed this complaint seeking declaratory judgment of non-infringement regarding U.S. Patent Nos. 8,740,100 (the "'100 patent"); 8,751,186 (the "'186 patent"); 9,194,597 (the "'597 patent"); and 10,584,890 (the "'890 patent") (collectively, the "Asserted Patents") against defendant EcoFactor, Inc. ("EcoFactor"). *See* Dkt. No. 1. On July 13, 2021, EcoFactor answered the complaint and filed counterclaims for infringement of the Asserted Patents. *See* Dkt. No. 17, ("Answer").

Now pending before the Court is Google's motion, briefing for which is complete, to stay pending resolution of *inter partes* review ("IPR") of three of the four Asserted Patents. *See* Dkt. Nos. 131-133.[1] After carefully considering the parties' arguments, the Court **GRANTS** Google's motion to stay.

**I. BACKGROUND**

Google seeks a declaratory judgment of non-infringement regarding the Asserted Patents, in response to a complaint filed by EcoFactor in the Western District of Texas. *See* Dkt. No. 1. The parties agree that the accused products in the Western District of Texas action relate to smart thermostat, HVAC, and control systems. *See* Answer, ¶ 3.

---

[1] The Court has carefully considered the arguments of the parties in the papers submitted, and finds this matter suitable for resolution without oral argument under Civil Local Rule 7-1(b).

1    The PTAB has "instituted IPR proceedings on all challenged claims of the '186, '597, and '100 patents[.]" *See* Dkt. No. 131, Motion, ("Mot."). The PTAB denied institution of proceedings and denied rehearing as to the one remaining patent in this suit – the '890 patent. *See id*; Dkt. No. 134. Because the PTAB instituted proceedings on the other three Asserted Patents in August 2022, the parties expect a final written decision regarding those patents by August 2023. *See* 35 U.S.C. § 316(a)(11).

Google does not argue that the '890 patent is formally related to the other three Asserted Patents, but it does contend that they have "related subject matter." *Id*. at 7.

## II.     LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). Courts consider three factors in determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). The moving party bears the burden of demonstrating that a stay is appropriate. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015).

Courts in this district have often recognized "a liberal policy in favor of granting motions to stay" pending IPR. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–cv–02168–EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2. Courts, however, must evaluate stay requests on a case-by-case basis. *See GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *2 (N.D. Cal. June 15, 2017). And whether to stay is always within the court's discretion.

## III. DISCUSSION

### A. Factor 1: Stage of the Litigation

Google argues that this case, despite having been filed more than a year ago, "remains in its early stages." *See* Mot. at 9. In analyzing the first factor, "the Court considers [] whether the litigation has progressed significantly enough for a stay to be disfavored." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (internal citation omitted). In particular, "courts have considered (1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Id*. (internal citation omitted). Grant of "[a] stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Id*. (internal citations and quotations omitted).

Here, the parties have engaged in virtually no discovery, which EcoFactor does not contest. *See* Opp. at 4-5 (conceding that additional discovery will be needed in spite of allegedly related past discovery in prior cases between the parties). Though a section 101 motion and claim construction have been litigated, the Court has not issued its claim construction order. No trial date has been set.

The Court concludes that this factor weighs in favor of a stay.

### B. Factor 2: Simplification of the Case

Google next argues that this litigation could be simplified and streamlined by proceedings in the PTAB. *See* Motion at 5. "Under the second factor, the court considers whether granting a stay could simplify the litigation." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d at 1036.

Proceedings before the PTAB are highly likely to simplify this case, with review of three of the four Asserted Patents instituted. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027-1028 (N.D. Cal. 2014). That the PTAB declined to institute proceedings on the '890 patent is not dispositive in any event, but the overlap of claims and subject matter between the instituted patents and the '890 patent weighs in favor of a stay. *See id*. 53 of the 70 claims that EcoFactor asserts in this case are being reviewed by the PTAB and subject to potential invalidation, and that proceeding may also simplify this case with respect to some of the

remaining claims with overlapping language.

The Court concludes that this factor weighs strongly in favor of a stay.

### C. Factor 3: Prejudice and Disadvantage

The third "factor considers whether a stay would unduly prejudice the nonmoving party." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 957 (N.D. Cal. 2019). "[C]ourts address four considerations when evaluating prejudice: (1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of review; and (4) the relationship of the parties." *Id*. (internal citations omitted).

#### 1. Timing of the Petition

EcoFactor argues that Google's delay in seeking IPR of the Asserted Patents weighs against a stay. Delay in filing an IPR weighs against a stay. *See Zomm*, 391 F. Supp. 3d at 957. However, delay in filing should be considered in the context of the particular facts of the case. *See Software Rts. Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013).

Google delayed nearly eight months between filing this complaint and seeking institution of IPR. *See* Opp. at 9. However, Google explains that this delay resulted in part from EcoFactor's delay in identifying asserted claims and serving infringement contentions. *See* Reply at 7. While Google fairly points out that EcoFactor's delay in identifying its asserted claims and serving infringement contentions mitigates Google's delay in filing its petitions, EcoFactor correctly notes that Google's resource-intensive litigation of the section 101 motion for judgment on the pleadings and claim construction filings in the interim is also a relevant consideration. *See* Opp. at 8-9.

The Court finds that this subfactor is neutral overall.

#### 2. Timing of the Motion

EcoFactor argues next that Google's timing of its motion weighs in favor of a stay because Google filed its IPR petitions months ago. *See* Dkt. No. 132 at 9. Delay in moving for a stay weighs against a stay. *See Zomm*, 391 F. Supp. 3d at 957.

However, EcoFactor's authorities are distinguishable because in those cases, the moving party waited at least seven weeks to move for a stay after IPR was *instituted*, not *filed*. *See Jiaxing*

4

*Super Lighting Elec. Appliance Co. v. MaxLite, Inc.*, No. CV194047PSGMAAX, 2020 WL 5079051, at *4 (C.D. Cal. June 17, 2020); *Affinity Labs of Texas v. Apple Inc.*, No. 09-04436 CW, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010). Here, by contrast, Google moved for a stay less than a month after IPR was instituted.

This subfactor weighs in favor of a stay.

### 3. Status of Review

Where a review has been instituted already, this subfactor weighs in favor of a stay. *See Zomm, LLC*, 391 F. Supp. 3d at 957. Review has been instituted on three of the four Asserted Patents, and thus this subfactor weighs in favor of a stay.

### 4. Relationship of the Parties

If the parties are not direct competitors, this factor weighs in favor of a stay. *See Finjan*, 139 F.Supp.3d at 1038. Google and EcoFactor dispute whether they are direct competitors. *See* Mot. at 8-9; Opp. at 10-12. EcoFactor may compete with Google even if Google does not consider EcoFactor a competitor. The parties' litigation history, including Google's initiation of this suit, may weigh in favor of a finding that the parties are competitors. However, while not dispositive, EcoFactor's failure to pursue a preliminary injunction undermines any argument that it could not be made whole with monetary relief. *See Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018). This subfactor is neutral.

The Court concludes the third factor — prejudice and disadvantage — weighs in favor of a stay.

//

//

//

//

//

//

**IV.   CONCLUSION**

Having considered the relevant factors, the Court in its discretion **GRANTS** Google's motion to stay pending conclusion of *inter partes* review.  The parties shall file a joint status report every six months from the date of this order to update the Court on the status of the IPR proceedings and any appeals therefrom.  The parties shall also file a joint status report within five days of the issuance of final written decisions regarding the '100, '186, and '597 patents.  The Clerk is directed to administratively close the file.

**IT IS SO ORDERED.**

Dated:  10/11/2022

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge