[*All Counsel in signature block below*]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>ECOFACTOR, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. 4:21-cv-03220-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br>Date:   September 26, 2023<br>Time:  2:00 p.m.<br>Ctrm:  2, via AT&T Conference Line<br>Judge: Hon. Hayward S. Gilliam, Jr.<br><br>Date Filed: April 30, 2021<br><br>Trial Date: None Set |

Plaintiff and Counterclaim Defendant Google LLC ("Google") and Defendant and Counterclaim Plaintiff EcoFactor, Inc. ("EcoFactor") jointly submit this Case Management Statement pursuant to Civil Local Rule 16-10(d). ECF Nos. 140-41.

**1. CASE STATUS**

Google filed this action on April 30, 2021, seeking a declaratory judgment that Nest Thermostats (the "Accused Products") do not infringe U.S. Patent Nos. 8,740,100 ("the '100 patent"); 8,751,186 ("the '186 patent"); 9,194,597 ("the '597 Patent"); and 10,584,890 ("the '890 Patent") (collectively, the "Asserted Patents"). ECF No. 1; *see* 28 U.S.C. § 2201. On July 13, 2021, EcoFactor counterclaimed and alleged that the Accused Products infringe all claims of the Asserted Patents. ECF No. 17. On August 3, 2021, Google filed its answer to EcoFactor's counterclaims. ECF No. 28. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b).

Google previously filed a dispositive motion for judgment on the pleadings, relating to patent eligibility under 35 U.S.C. § 101. ECF Nos. 41, 48, 49, 51, 59, 63, 75, 80. After a hearing, the Court denied Google's motion. ECF Nos. 85, 86.

Following claim construction briefing by the parties, the Court held a *Markman* hearing on July 22, 2022. ECF Nos. 84, 97, 99. This action was stayed before the Court issued a decision on claim construction.

On August 11, 2022, Google moved to stay this case in light of pending *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB") involving the '100, '186, and '597 patents. ECF No. 131. EcoFactor opposed, *see* ECF No. 132, and Google filed its reply, *see* ECF No. 133. On October 11, 2022, the Court granted Google's motion and administratively closed this case. ECF No. 135, at 1, 6. The Court further directed the parties to file a joint status report every six months, as well as following issuance of Final Written Decisions ("FWDs"), "to update the Court on the status of the IPR proceedings and any appeals therefrom." *Id.* at 6; *see* ECF Nos. 137, 139.

## 2. RELATED CASE STATUS

### A. Post-Grant Invalidity Proceedings on the Asserted Patents

On August 1, 2022, the PTAB discretionarily denied institution of Google's IPR petition filed against the '890 patent, IPR2022-00535, under 35 U.S.C. § 325(d), declining to reconsider "the issue of [the '890 patent's] priority date" and concluding the references raised in the IPR petition were, therefore, not prior art. On October 5, 2022, the PTAB denied Google's request for rehearing of that decision denying institution. On July 21, 2023, the PTAB denied institution of an IPR petition filed against the '890 patent, IPR2023-00409, by petitioner Ademco, Inc., which is a subsidiary of a Honeywell spinoff called Resideo Technologies, Inc. On September 8, 2023, the PTAB denied Ademco's request for rehearing of that decision denying institution.

On August 1, 2023, the PTAB issued FWDs determining that all claims (claims 1-24) of the '186 patent and all claims (claims 1-13) of the '597 patent are unpatentable. On August 7, 2023, the PTAB issued a FWD determining that all claims (claims 1-16) of the '100 patent are unpatentable. EcoFactor has 63 days from the issuance of each FWD (until early October 2023) to appeal. *See* 35 U.S.C. § 141; 37 CFR § 90.3(a). Once EcoFactor's time for appeal has expired, or any appeal has terminated, then the PTAB's decisions will become final, and the U.S. Patent and Trademark Office ("USPTO") will "issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable." 35 U.S.C. § 318(b).

On May 19, 2023, Google petitioned for *ex parte* reexamination ("XPR") of the '890 patent, relying on seven grounds for invalidity that were not raised in the IPR petitions referenced above.[1] On August 17, 2023, the USPTO instituted XPR of all claims of the '890 patent, finding a substantial new question of patentability ("SNQ"). EcoFactor has two months (until October 17, 2023) to file a patent owner's statement in response. 37 C.F.R. § 1.530(b). If EcoFactor files a statement, Google will have two months to reply. *Id.* § 1.535. After the last filing, the USPTO will then conduct a reexamination "with special dispatch" and issue a Non-Final Office Action

---

[1] EcoFactor notifies the Court that three of the six prior art references relied upon in the Ademco IPR petition—which was denied institution on the merits—are relied upon in Google's XPR petition, and that appeals from XPR proceedings within the USPTO are decided by the PTAB (i.e., the same body that denied institution of Ademco's IPR petition). *See* 35 U.S.C. §§ 305, 306.

preliminarily rejecting or allowing the claims. *Id.* § 1.530(a).

### B.     Other Litigation Between the Parties

Google and EcoFactor have three additional patent infringement cases involving the same Accused Products pending in this District. All are stayed pending post-grant invalidity proceedings:

- *Google LLC v. EcoFactor, Inc.*, Case No. 3:21-cv-01468-JD (N.D. Cal. Mar. 1, 2021) ("NDCal 01468") is currently stayed "[i]n light of ongoing [invalidity] proceedings before the Federal Circuit and the [US]PTO re all four asserted patents[.]" NDCal 01468, ECF No. 74.

- *Google LLC v. EcoFactor, Inc.*, Case Nos. 3:22-cv-00162-PCP (N.D. Cal. Jan. 11, 2022) ("NDCal 00162"), 3:22-cv-07661-PCP (N.D. Cal. Jan. 10, 2022) ("NDCal 07661") are consolidated and currently stayed based on ongoing invalidity proceedings before the Federal Circuit and USPTO. *See* NDCal 00162, ECF No. 81; NDCal 07661, ECF No. 115.

### 3.     THE PARTIES' PROPOSALS FOR THE CASE DEVELOPMENT PROCESS

**Google's Position:** The Court stayed this case "pending conclusion of *inter partes* review" of the '100, '186, and '597 patents, and ordered the parties to submit reports "on the status of the IPR proceedings and any appeals therefrom." ECF No. 135 at 6. In staying this case, the Court noted "the overlap of claims and subject matter between the instituted patents and the '890 patent," and found that this overlap "weighs in favor of a stay." *Id.* at 3. EcoFactor's time to appeal the PTAB's determinations of unpatentability has not yet run, the PTAB's decisions are not yet final, and the USPTO has not yet issued a certificate canceling the claims of the '100, '186, and '597 patents. *See* 35 U.S.C. § 318(b). In light of EcoFactor's potential appeals from the PTAB's decisions on the '100, '186, and '597 patents and the ongoing XPR of all claims of the '890 patent, this case should remain stayed.

EcoFactor's arguments in support of lifting the stay at this time, *see infra*, are without merit. First, re-opening this case now would be premature. The Court stayed this case pending resolution of the '100, '186, and '597 patent IPRs, that is, through any appeal(s). ECF No. 135

at 1, 6; s*ee also* 35 U.S.C. § 318(b).  Second, while EcoFactor asserts that it "intends to narrow this case to only the '890 patent," *see infra*, EcoFactor has not done so, and does not explain how it would do so.  Proceeding now, in parallel with the Federal Circuit and PTO, risks conflicting decisions and changed claim scope; creates unnecessary inefficiencies; and, thereby, wastes judicial resources.  *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013); s*ee Oyster Optics, LLC v. Ciena Corp.*, No. 4:20-CV-02354-JSW, 2021 WL 4027370, at *2 (N.D. Cal. Apr. 22, 2021); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 435457, at *3 (N.D. Cal. Feb. 2, 2015).[2]

In contrast, a continued stay fosters efficiency, conserves judicial and party resources, and avoids "the highly-problematic prospect of inconsistent rulings regarding identical patents."  *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 936 (N.D. Cal. 2015). The PTO instituted XPR of the '890 patent—a continued stay will further simplify the issues by "eliminat[ing] trial of that issue (when the claim is canceled) or to facilitate[ing] trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see Oyster Optics*, 2021 WL 4027370 at *2; *STMicroelectronics, Inc. v. Invensense, In*c., No. C 12-02475 JSW, 2013 WL 12173921, at *2 (N.D. Cal. Feb. 27, 2013).  Moreover, it is well-settled, and EcoFactor cannot dispute, that its representations in the ongoing XPR of the '890 patent and any appeals from the PTAB's IPR decisions on the '100, '186, and '597 patents will all constitute (additional) intrinsic evidence for purposes of any future claim construction to be rendered by this Court.  *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012); *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1317-18 (Fed. Cir. 2007); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

EcoFactor also seeks an abbreviated discovery schedule and trial in May 2024.  *See infra*.  Google disagrees.  This case remains in its early stages.  ECF No. 135 at 3.  As this Court

---

[2] *Cf.* NDCal 01468, Order, ECF No. 74 (Aug. 2, 2023) (continuing stay on all four asserted EcoFactor patents, "[i]n light of ongoing proceedings before the Federal Circuit and the PTO," over EcoFactor's proposed covenant not to sue and partial stay).

has already found, the "parties have engaged in virtually no discovery" in this case and "additional discovery will be needed in spite of allegedly related past discovery in prior cases between the parties." *Id.* (citing ECF No. 132 at 4-5); *see* ECF No. 132 at 4-5 (EcoFactor conceding that "some additional discovery will still be needed"). EcoFactor emphasizes that the '890 patent's additional "geopositioning" limitation sets it apart from other patents, but the parties have had no discovery on this limitation and, even if they had, the parties last produced documents to one another more than two years ago. "[W]hile much has been done, much remains, and the remaining work is costly." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014). This factor supports a continued stay, not an accelerated time to trial.

Indeed, EcoFactor has not, and cannot, show any prejudice from a continued stay, or principled reason to race the PTO and Federal Circuit to a result. By its own litigation conduct, EcoFactor has shown no irreparable harm. ECF No. 135 at 5 ("EcoFactor's failure to pursue a preliminary injunction undermines any argument that it could not be made whole with monetary relief."); *see* NDCal 01468, ECF No. 74 ("EcoFactor's suggestion that it will be prejudiced by a stay, … is not well taken and the Court finds no likelihood of prejudice in these circumstances"). Nor has EcoFactor identified any gamesmanship. Google sought IPR, which was denied on discretionary grounds.[3] Google has since sought XPR, with a final office action anticipated in the next nine to ten months. "[P]arties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." *Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014).

Google respectfully submits that a continued stay is warranted, until the appeals period in the '100, '186, and '597 patent IPRs has run, and until at least the PTO's final office action in the '890 patent XPR makes clear which claims, and what claim language, is likely to apply going forward.

---

[3] EcoFactor repeatedly references IPR2023-00409, which was brought by another petitioner, and *EcoFactor, Inc. v. ecobee, Inc.*, Case No. 6:21-cv-00428 (W.D. Tex.), brought against another defendant, Both are unrelated to Google and, therefore, are of no relevance here.

In any event, before the Court considers reopening this case, with respect to the '890 patent, and rather than respond here point-for-point to each of EcoFactor's assertions below about the '890 patent, Google respectfully requests an opportunity to submit briefing for the Court to consider whether a continued stay is appropriate–either pursuant to an agreed briefing schedule, or competing scheduling proposals if an agreement cannot be reached.

**EcoFactor's Position:** Now that IPRs involving all four asserted patents have concluded, the Court should enter a schedule and set a trial date on the '890 patent. The PTAB ruled in favor of the '890 patent in two non-appealable IPR decisions, including IPR2022-00535 by Google and IPR2023-0409 by Ademco, the latter of which was decided while this case was stayed. Meanwhile, the PTAB found the claims of the '100, '186, and '597 patents to be unpatentable. EcoFactor therefore intends to narrow this case to only the '890 patent. Given the IPRs in favor of the '890 patent, EcoFactor's narrowing strongly weighs in favor of lifting the stay and proceeding on the '890 patent. EcoFactor and Google have litigated three trials and can efficiently complete discovery so that trial on the '890 can begin in May 2024.[4]

Despite EcoFactor's proposal to move forward only on the '890 patent, Google suggests that overlap in subject matter between the '100, '186, and '597 patents and the '890 patent merits an ongoing stay through any appeals of those IPRs. But this ignores the recent IPR decisions finding that the prior art used against the '100, '186, and '597 patents does not disclose the '890 patent claims. Indeed, since the initial stay, IPR2023-00409 on the '890 patent argued obviousness based on prior art that was also asserted in IPRs against the '100, '186, and '597 patents. But despite the overlap in prior art, the PTAB denied institution of IPR2023-00409 on the merits, because the combination of prior art failed to teach the distinct geopositioning feature of the '890 patent, a feature that is not recited in any of the '100, '186, or '597 patents. This demonstrates that there will be no meaningful issue simplification based on proceedings involving different patents. The stay should be lifted.

Google also refers to an XPR proceeding involving the '890 patent, but this does not

---

[4] EcoFactor proposes beginning trial on May 20, 2024, with fact discovery closing January 29, 2024, dispositive/*Daubert* motions due by February 6, 2024, and a final pretrial conference held on May 7, 2024.

merit a stay. Any potential new stay relating to the '890 XPR would need to be separately requested by Google and briefed by the parties. In the meantime, the Court should enter a schedule and set a trial date.

To the extent Google does seek a stay based on the '890 patent XPR, EcoFactor will note that Google's belated XPR is unlikely to simplify the issues. After all, an IPR involving nearly the same prior art references already concluded in EcoFactor's favor. As noted above, Google requested IPR of the '890 patent in February 2022, but those proceedings were not instituted. *See* ECF No. 131. In December 2022, another petitioner (Ademco) requested IPR of the '890 patent based on nearly the same prior art raised in Google's XPR. That second IPR petition was denied institution on the merits. And while Google's XPR request was granted, that says little about the merits because well over 90% of XPR requests are granted. *See* https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf. Facts such as these indicate that Google is unlikely to prevail in invalidating the '890 patent claims through XPR, especially given that an IPR involving nearly the same prior art references already concluded in EcoFactor's favor.

And while Google suggests there will be further guidance on claim construction, tellingly it identifies no aspect of the IPR decisions that involved claim construction, nor anything about the '890 XPR that could impact construction of the sole disputed term of the '890 patent (i.e., "rapid cycling"). This Court does not need further guidance on this dispute because it has already been fully briefed and argued, and another court already rejected the same argument and entered final judgment in EcoFactor's favor following trial on the '890 patent. *See* ECF No. 84 at 2; ECF No. 99 at 13; *EcoFactor, Inc. v. ecobee, Inc.*, Case No. 6:21-cv-00428, ECF No. 248 (W.D. Tex.).

Moreover, Google should not be rewarded with a multi-year stay for its tactic of bringing serial challenges at the Patent Office, including an XPR filed ***more than two years*** after this case began and nearly a year after this Court and EcoFactor invested substantial time and resources into completing claim construction and addressing Google's early case-dispositive motion. A stay in these circumstances would be unduly prejudicial and would

incentivize these wasteful litigation tactics. Google did not even request XPR of the '890 patent until May 19, 2023—seven months after the stay in this case was entered, and after Google's IPR challenge was denied. Now that the Patent Office has rejected two separate IPRs on the '890 patent, a further stay would unduly prejudice EcoFactor and reward Google's gamesmanship and serial Patent Office challenges.

Thus, EcoFactor proposes that the parties complete fact discovery by January 29, 2024. This is very achievable because the parties conducted extensive discovery in their three prior trials, which included large document and source code productions, dozens of depositions, and thousands of pages of expert reports. *See* ECF No. 132 at 3-4. The Court and parties will also have the benefit of documents and rulings from another case involving the '890 patent, in which the jury found infringement of the '890 patent and awarded damages to EcoFactor, with the defendant electing not to even present any invalidity defense at trial. *See EcoFactor, Inc. v. ecobee, Inc.*, Case No. 6:21-cv-00428, ECF No. 248 (W.D. Tex.).

## 4. SETTLEMENT AND ADR

The parties have participated in multiple in-person settlement discussions and mediation but have been unable to reach an agreement. The parties anticipate continued mediation and discussions in an effort to reach settlement.

Dated: September 19, 2023                    Respectfully submitted,

By: /s/ *Bijal V. Vakil*
         Bijal V. Vakil

Bijal V. Vakil (SBN 192878)
ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94301
Telephone: (650) 388-1650
Facsimile: (650) 388-1699
Email: bijal.vakil@allenovery.com

Shamita D. Etienne-Cummings (SBN 202090)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 683-3810
Facsimile: (202) 683-3999

Email: shamita.etienne@allenovery.com

Grace I. Wang (NY SBN 5421391), *pro hac vice*
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 756-1143
Facsimile:   (212) 610-6399
Email: grace.wang@allenovery.com

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Leo L. Lam (SBN 181861)
llam@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Edward A. Bayley (SBN 267532)
ebayley@keker.com
Kristin Hucek (SBN 321853)
khucek@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

*Attorneys for Plaintiff Google LLC*

By: */s/ Reza Mirzaie*
Reza Mirzaie
Marc A. Fenster
Kristopher R. Davis
James N. Pickens
Minna Y. Chan
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel:  310/826-7474
Fax:  310/826-6991

**Counsel for EcoFactor, Inc.**

## **ATTESTATION**

I, Bijal Vakil, am the ECF user whose ID and password authorized the filing of this document. Under Civil L. R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

Dated: September 19, 2023                              By: */s/ Bijal V. Vakil*
                                                                                    Bijal V. Vakil

# CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 High Street, Palo Alto, California 94301.

On September 19, 2023, I caused the foregoing documents described as:

**JOINT CASE MANAGEMENT STATEMENT**

to be served on EcoFactor electronically via the Allen & Overy LLP email system at the email address set forth below:

| | |
|---|---|
| James N. Pickens, Esq.<br>Russ August and Kabat<br>1104 NW 88th Way<br>Plantation, FL 33322<br>954-637-2393<br>Email: jpickens@raklaw.com | Jason Wietholter<br>Kristopher R Davis<br>Marc Aaron Fenster<br>Minna Y. Chan<br>Reza Mirzaie<br>Russ August and Kabat<br>12424 Wilshire Boulevard<br>12th Floor<br>Los Angeles, CA 90025<br>310-826-7474<br>Email: jwietholter@raklaw.com<br>Email: kdavis@raklaw.com<br>Email: mafenster@raklaw.com<br>Email: mchan@raklaw.com<br>Email: rmirzaie@raklaw.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 19, 2023, at Palo Alto, California.

*/s/ Bijal V. Vakil*
Bijal V. Vakil