1
2   [*All Counsel in signature block below*]
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                          OAKLAND DIVISION

11 | GOOGLE LLC,                                  | Case No. 4:21-cv-03220-HSG
12 |            Plaintiff and Counter-Defendant,  | **JOINT STIPULATION REGARDING DISMISSAL OF THREE ASSERTED PATENTS; PROPOSED ORDER**
13 |       v.                                    |
14 | ECOFACTOR, INC.,                             | Dept.:   Courtroom 2 – 4th Floor
   |                                              | Judge:   Hon. Haywood S. Gilliam, Jr.
15 |            Defendant and Counter-Claimant.   |
16 |                                              | Date Filed: April 30, 2021
17 |                                              | Trial Date: None set

Pursuant to ECF Nos. 143 and 146, Plaintiff and Counter-Defendant Google LLC ("Google") and Defendant and Counter-Claimant EcoFactor, Inc. ("EcoFactor") submit this joint stipulation to confirm that three of the four asserted patents in the above-captioned matter are no longer part of the case.

**WHEREAS**, on September 29, 2023, EcoFactor granted Google a covenant not to sue ("CNS") on U.S. Patent Nos. 8,740,100 (the "'100 patent"), 8,751,186 (the "'186 patent"), and 9,194,597 (the "'597 patent")," attached hereto as **Exhibit A**;

**WHEREAS**, on October 6, 2023, EcoFactor provided to Google an addendum to its CNS clarifying certain terms, attached hereto as **Exhibit B**.

**WHEREAS**, the CNS with addendum extinguishes any current or future case or controversy between the parties as to the '100, '186, and '597 patents; and

**WHEREAS**, EcoFactor dismisses with prejudice Count I (Infringement of the '100 Patent), Count II (Infringement of the '186 Patent), and Count III (Infringement of the '597 Patent) from EcoFactor's Counterclaims for Patent Infringement, ECF No. 17;

**WHEREAS**, Google dismisses with prejudice Count I (Declaratory Judgment of Non-Infringement of the '100 Patent), Count II (Declaratory Judgment of Non-Infringement of the '186 Patent), and Count III (Declaratory Judgment of Non-Infringement of the '597 Patent) from Google's Complaint for Declaratory Judgment, ECF No. 1; and

**WHEREAS**, the foregoing joint stipulation cannot be used by either party to request or oppose any request for attorneys' fees under 35 U.S.C. § 285.

**SO STIPULATED AND AGREED.**

\\
\\
\\
\\
\\
\\
\\

| | |
|---|---|
| Dated: October 6, 2023 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ Leo L. Lam |
| | ROBERT A. VAN NEST |
| | LEO L. LAM |
| | EUGENE M. PAIGE |
| | R. ADAM LAURIDSEN |
| | EDWARD A. BAYLEY |
| | KRISTIN HUCEK |
| | 633 Battery Street |
| | San Francisco, CA 94111-1809 |
| | Telephone: 415 391 5400 |
| | Facsimile: 415 397 7188 |
| | |
| | Bijal V. Vakil |
| | ALLEN & OVERY LLP |
| | 550 High Street |
| | Palo Alto, CA 94301 |
| | Telephone: (650) 388-1650 |
| | Email: bijal.vakil@allenovery.com |
| | |
| | Shamita D. Etienne-Cummings |
| | ALLEN & OVERY LLP |
| | 1101 New York Avenue, NY |
| | Washington, DC 20005 |
| | Telephone: (202) 683-3810 |
| | Email: shamita.etienne@allenovery.com |
| | |
| | Grace I. Wang (*pro hac vice*) |
| | ALLEN & OVERY LLP |
| | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| | Telephone: (212) 756-1143 |
| | Email: grace.wang@allenovery.com |
| | |
| | Attorneys for Plaintiff and Counter-Defendant GOOGLE LLC |
| | |
| | **RUSS AUGUST & KABAT** |
| | |
| | By: /s/ Reza Mirzaie |
| | Reza Mirzaie |
| | Marc A. Fenster |
| | Kristopher R. Davis |
| | James N. Pickens |
| | Minna Y. Chan |
| | Jason M. Wietholter |
| | |
| | Attorneys for Defendant/Counterclaim Plaintiff ECOFACTOR, INC. |

**ATTESTATION PURSUANT TO L.R. 5-1(i)**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: October 6, 2023            */s/ Leo L. Lam*
                                  Leo L. Lam

**ORDER GRANTING JOINT STIPULATION**

The parties have submitted the Joint Stipulation Regarding Dismissal of Three Asserted Patents ("Joint Stipulation").  In light of the Joint Stipulation, it is hereby **ORDERED** that:

1. Count I (Infringement of U.S. Patent No. 8,740,100), Count II (Infringement of U.S. Patent No. 8,751,186), and Count III (Infringement of U.S. Patent No. 9,194,597) from EcoFactor's Counterclaims for Patent Infringement, ECF No. 17, are **DISMISSED WITH PREJUDICE**; and

2. Count I (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,740,100), Count II (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,751,186), and Count III (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,194,597) from Google's Complaint for Declaratory Judgment, ECF No. 1, are **DISMISSED WITH PREJUDICE**.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   10/10/2023

_____
Honorable Haywood S. Gilliam, Jr.
United States District Judge

# EXHIBIT A

## COVENANT NOT TO SUE AS TO THE '100, '186, AND '597 PATENTS

This Covenant Not to Sue ("CNS") is made as of September 27, 2023 ("Effective Date") by EcoFactor, Inc. ("EcoFactor"). As set forth herein, EcoFactor unilaterally covenants not to sue Google LLC ("Google") as to EcoFactor's U.S. Patent Nos. 8,740,100; 8,751,186; and 9,194,597—but only as to those three patents.

WHEREAS, Google sued EcoFactor in the U.S. District Court for the Northern District of California (Case No. 4:21-cv-03220-HSG, the "Litigation") seeking declaratory judgment of non-infringement as to EcoFactor's U.S. Patent Nos. 8,740,100 ("the '100 patent"); 8,751,186 ("the '186 patent"); 9,194,597 ("the '597 patent"); and 10,584,890 ("the '890 patent") (collectively, the "asserted patents").

WHEREAS, the '100, '186, and '597 patents were challenged by Google in IPR proceedings, in which the Patent Trial and Appeal Board issued Final Written Decisions in August 2023.

WHEREAS, EcoFactor continues to believe that Google infringes all four asserted patents but wishes to proceed to trial expeditiously on the '890 patent, which has already survived multiple IPR challenges—without any further stay of the Litigation.

NOW, THEREFORE, EcoFactor hereby covenants not to bring any demand or claim against Google for infringement of any claim of the '100, '186, and '597 patents—in this Litigation or any other, through each patent's expiration. This Covenant Not to Sue as to the '100, '186, and '597 Patents ("100/186/597 Patent CNS") shall be worldwide, shall extend to Google's past, present, and future activities including with respect to Google's Nest thermostats, and shall extend to the use of Nest thermostats by customers or third parties. This 100/186/597 Patent CNS is irrevocable and shall be binding on all past, present, and future owners or assignees of the '100, '186, and '597 patents. EcoFactor and any subsequent assignee of the '100, '186, and '597 patents are bound by this covenant never to sue Google or its customers for infringement of the '100, '186, and '597 patents. This 100/186/597 Patent CNS eliminates any controversy between Google and EcoFactor on the '100, '186, and '597 patents.

FOR THE AVOIDANCE OF DOUBT, this 100/186/597 Patent CNS shall not extend to any other patent or intellectual property, including without limitation any other patent or patent application that is held by EcoFactor in EcoFactor's portfolio now or in the future. EcoFactor presently has nearly forty issued U.S. patents and multiple pending patent applications. None of them are affected by this 100/186/597 Patent CNS except for the issued '100, '186, and '597 patents alone. This 100/186/597 Patent CNS applies to three and only three patents: the '100, '186, and '597 patents. In addition, this 100/186/597 Patent CNS shall not extend to ecobee, Inc., Resideo Technologies, Inc., Vivint, Inc., Alarm.com, Incorporated, Alarm.com Holdings, Inc., or PointCentral, LLC. This 100/186/597 Patent CNS also may not be assigned to any of these or any other non-Google entities.

2

It is EcoFactor's understanding that the foregoing 100/186/597 Patent CNS deprives the Northern District of California of jurisdiction over the subject matter of whether Google infringes any claim of the '100, '186, and '597 patents directly or indirectly and of whether Google can prove that any claim of the '100, '186, and '597 patents is invalid, as no justiciable controversy remains over those issues. The scope of the 100/186/597 Patent CNS granted hereunder is at least that which is sufficient under the law to eliminate a case or controversy on the '100, '186, and '597 patents between EcoFactor and Google. Google's declaratory judgment claims regarding the '100, '186, and '597 patents should therefore be dismissed from the Litigation.

IN WITNESS WHEREOF, this Agreement has been executed by EcoFactor to be effective as of the Effective Date.

ECOFACTOR, INC.

By: *[signature: Shayan Habib]*

Name: Shayan Habib

Its: CEO

Dated: September 29th, 2023

# EXHIBIT B

**ADDENDUM**

For the avoidance of doubt, the 100/186/597 Patent CNS executed by EcoFactor on September 29, 2023 extends to (1) Google and its subdivisions (e.g., Nest), including any of their past, present, and future activities; and (2) past, present, and future activities of customers or third parties that could result in patent infringement liability attributable to Google because they involve Google products or services implicated by the Litigation (e.g., Nest thermostats).

ECOFACTOR, INC.

By: *[signature: Shayan Habib]*

Name:  Shayan Habib

Its:  CEO

Dated:  October 6, 2023